**HEKMAT KORDAB, ESQ. (SBN: 303850)**
*Email: matt@kordablaw.com*
**YADIRA DE LA ROSA, ESQ. (SBN: 326163)**
*Email: yadira@kordablaw.com*
**KORDAB LAW OFFICES**
300 S. HARBOR BLVD. SUITE 820
ANAHEIM, CALIFORNIA 92805
PHONE: 714-881-0581
FAX: 714-881-0582

Attorneys for Plaintiffs,
Samir Khoury and Nina Khoury

**Electronically FILED by Superior Court of California, County of Los Angeles 5/31/2023 10:30 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Gonzalez, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT**

| | |
|---|---|
| SAMIR KHOURY, an individual; and, NINA KHOURY, an individual,<br><br>Plaintiffs,<br>vs.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 23PSCV01619<br><br>*Unlimited Jurisdiction*<br><br>**VERIFIED COMPLAINT FOR DAMAGES:**<br><br>1. BREACH OF CONTRACT<br>2. INSURANCE BAD FAITH<br><br>DEMAND FOR JURY TRIAL |

COME NOW PLAINTIFFS, Samir Khoury and Nina Khoury, by and through their attorneys, claims and alleges as follows:

**GENERAL ALLEGATIONS**

1. PLAINTIFFS, Samir Khoury, and Nina Khoury (hereinafter "PLAINTIFFS") are individuals that are, and were, at all relevant times mentioned in this Complaint, residing within the County of Los Angeles, State of California.

2. DEFENDANT AMGUARD INSURANCE COMPANY (Hereinafter, "DEFENDANT," or "AMGUARD"), is a Pennsylvania Corporation, doing business in California as

an Insurance Producer, and licensed to sell insurance in the State of California and was at all times authorized to broker insurance, including PLAINTIFFS' insurance policy.

3. DEFENDANT, AMGUARD, and DOES 1 through 20, are referred to collectively as "DEFENDANTS."

4. PLAINTIFFS is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1 through 20, inclusive, pursuant to *Cal. Code Civ. Proc. §474*. PLAINTIFFS is informed and based on that information believes that these fictitiously named DEFENDANTS are in some manner responsible for the acts or omissions alleged by PLAINTIFFS to be the cause of damages and injuries suffered by PLAINTIFFS. PLAINTIFFS therefore sues these DEFENDANTS by such fictitious names. PLAINTIFFS will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFFS is informed and believes and thereon alleges that each of the DEFENDANTS fictitiously named herein is indebted and liable to PLAINTIFFS as herein set forth.

5. At all relevant times herein, each DEFENDANT, whether actually or fictitiously named, was the principal, agent or employee of each other DEFENDANT, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each DEFENDANT is liable to PLAINTIFFS for the relief prayed for herein.

6. When reference in this Complaint is made to any act or omission of a DEFENDANT corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the DEFENDANT and its owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of DEFENDANTS and while acting within the scope and course of their duties.

7. When reference in this Complaint is made to any act or omission of DEFENDANTS, such allegation shall be deemed to mean the act or omission of each DEFENDANT acting individually and jointly with the other named DEFENDANTS.

8. At all relevant times, each DEFENDANT knew or realized that the other

DEFENDANTS were engaging in, or planned to engage in, the violations of law alleged in this Complaint. Knowing or realizing that other DEFENDANTS were engaging in such unlawful conduct, each DEFENDANT nevertheless facilitated the commission of those unlawful acts. Each DEFENDANT intended to, and did, encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other DEFENDANTS in the unlawful conduct.

9. Each DEFENDANT ratified the wrongful conduct of each other, its agents and/or employees, accepted the benefits of their wrongful conduct, and failed to repudiate the misconduct.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction because the total amount of damages sought exceeds $ 25,000 and the relief requested is within the jurisdiction of this Court.

11. Venue as to DEFENDANTS is proper in the County of Los Angeles, pursuant to California *Code of Civil Procedure § 395.5.* DEFENDANTS maintain offices and facility, transact business, and have agents in Los Angeles County, and the location where PLAINTIFFS insured property is otherwise within this Court's jurisdiction. The unlawful acts alleged herein have a direct effect on the PLAINTIFFS who resides within the State of California and Los Angeles County. In addition, DEFENDANTS operate their business and services in Los Angeles County, California.

## FACTUAL BACKGROUND

12. During the year of 2019, PLAINTIFFS operated a Clothing store, in the City of Azusa, Los Angeles County, State of California.

13. PLAINTIFFS purchased an insurance policy from AMGUARD, and said policy was for the period of March 6, 2020, to March 6, 2021.

14. On August 22, 2019, PLAINTIFFS' clothing store at 1143 W. Foothill Boulevard, at the city of Azusa was burglarized.

15. When PLAINTIFFS discovered the burglary, they immediately called the Azusa Police Department and made a police report. PLAINTIFFS also contacted AMGUARD and notified them of the burglary.

16. PLAINTIFFS made a list of the stolen merchandises and provided a copy to the Azusa

Police Department, and a copy was provided to AMGUARD. The total Value of the losses at the time of the burglary was $324,854.

17. On September 3, 2019, PLAINTIFFS' clothing store at 1143 W. Foothill Boulevard, at the city of Azusa was burglarized for the second time.

18. When PLAINTIFFS discovered the burglary, they immediately called the Azusa Police Department and made a police report. PLAINTIFFS also contacted AMGUARD and notified them of the burglary.

19. PLAINTIFFS made a list of the stolen merchandises and provided a copy to the Azusa Police Department, and a copy was provided to AMGUARD. The total Value of the losses at the time of the burglary was $452,422.

20. Since initially reporting the claim, PLAINTIFFS have also provided copious documentation to AMGUARD. In addition, PLAINTIFFS provided AMGUARD sworn statements detailing the loses from the two burglaries.

21. For years AMGUARD has been delaying the process and the delay has forced PLAINTIFFS to shut down their business.

22. In spite of the abundance of evidence produced by PLAINTIFFS in support of their claims, and the lack of any basis to reasonably believe that the subject losses were not covered by the subject Policy, DEFENDANT AMGUARD has failed to pay PLAINTIFFS' claim.

23. The failure of DEFENDANT AMGUARD to pay amounts claimed by PLAINTIFFS was unjustified and motivated by said DEFENDANTS' self-interest and was contrary to the legal obligations owed by said DEFENDANT to PLAINTIFFS.

24. As a proximate result of the acts and omissions stated herein by DEFENDANT AMGUARD, PLAINTIFFS were forced to shut down their business. Because of AMGUARD'S unjustified refusal to pay the amounts claimed by PLAINTIFFS, PLAINTIFFS were not able to replace the merchandises that were lost in the burglaries, and therefore, were forced out of business.

25. As a proximate result of the acts and omissions stated herein by DEFENDANT AMGUARD, PLAINTIFFS have suffered and continue to suffer damages in excess of $2,000,000 and have had to unnecessarily incur attorney's fees and litigation expenses to vindicate their rights.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

(Against DEFENDANT, and DOES)

26. PLAINTIFFS incorporates by reference each allegation set forth above.

27. PLAINTIFFS and DEFENDANT AMGUARD have entered into a contract of insurance, i.e., the Policy.

28. PLAINTIFFS did all, or substantially all, of the significant things that the contract/Policy required them to do.

29. All of the conditions required by the contract/Policy for DEFENDANT AMGUARD'S performance occurred prior to filing this complaint.

30. DEFENDANT AMGUARD failed to pay the amounts owed to PLAINTIFFS under the contract/Policy. This constituted a breach of the contract/Policy.

31. As a proximate result of the acts and omissions stated herein by DEFENDANT AMGUARD, PLAINTIFFS have suffered and continue to suffer damages.

**SECOND CAUSE OF ACTION**

**INSURANCE BAD FAITH**

(Against DEFENDANT, and DOES)

32. PLAINTIFFS incorporates by reference each allegation set forth above.

33. PLAINTIFFS suffered a loss covered under an insurance policy with DEFENDANT AMGUARD.

34. DEFENDANT AMGUARD was notified of the loss.

35. DEFENDANT AMGUARD, unreasonably failed to pay the Policy benefits arising from PLAINTIFFS' loss.

36. PLAINTIFFS were harmed by DEFENDANT AMGUARD'S unreasonable failure to pay the Policy benefits and have had to incur attorney's fees and litigation expenses to vindicate their rights.

37. PLAINTIFFS further suffered noneconomic damages, emotional distress leading to

upset stomach, unrest, worry, anger and feelings of helplessness, all to their damages.

38. DEFENDANT AMGUARD'S behavior was a knowing and intentional violation of settled insurance law all in conscious disregard of PLAINTIFFS' rights. The wrongful conduct described herein was done with malice, fraud, and oppression such that a punitive damage is appropriate to punish, make an example of and otherwise discourage such behavior.

**WHEREFORE**, PLAINTIFFS pray judgment against DEFENDANTS, and each of them, as follows:

1. Compensatory damages for the value of said items of personal property according to proof.
2. General damages for emotional distress according to proof.
3. Special damages for attorney's fees according to proof.
4. Exemplary damages according to proof.
5. Costs of suit herein incurred.
6. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demands trial of their claims by jury to the extent authorized by law.

**DATED**: MAY 30, 2023

Respectfully Submitted,
**KORDAB LAW OFFICES**

By: ______________________
Hekmat Kordab, Esq.
Yadira De La Rosa, Esq.
Attorneys for Plaintiffs,
Samir Khoury and Nina Khoury

## VERIFICATION

We, Samir Khoury, and Nina Khoury declare:

1. We are the Plaintiffs in the afore said complaint.
2. We declare that the information contained in the complaint is stated as of our own personal knowledge, except as to such matters stated on information and belief, and as to those matters we are informed and believe them to be true.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification was executed on the 30th of May 2023, at Azusa, California.

Samir Khoury

Nina Khoury